BROOKS, Respondent, v. JEKYLL (Kirby, Intervenor, Appellant.)

(152 N. W. 109.)

(File No. 3674.    Opinion filed April 6, 1915.    Rehearing denied April 7, 1915.)

1. **Appeal—Error—Imperfect Brief—Calling up Original Record— Discretion.**

Where, though not questioned by respondent, it is difficult, if not impossible, to ascertain from appellant's brief what proceedings were had at the trial, or what the rights of the parties were, the Supreme Court, in exercise of its undoubted right and discretion, will call up and examine the original record.

2. **Appeals—Mortgages—Pledgee of Mortgage—Suit to Cancel— Payment into Court, Under Agreement—Harmless Error— Judgment.**

In a suit to cancel a mortgage, the amount of which plaintiff, a subsequent land owner, claimed to have tendered, in which the pledgee of mortgagee as security intervened, praying judgment against the land owner, and it was agreed by all parties that the amount due might be paid into court and the mortgage cancelled, held, that the right of the pledgee to foreclose the mortgage was terminated, and the mortgage extinguished, and error cannot be predicated upon the decree for its cancellation.

3. **Mortgages—Suit to Cancel—Pledgee, Intervenor—Tender in Court—Judgment of Cancellation, as Interlocutory Decree for Pledgee.**

In a suit to cancel a mortgage, the amount of which plaintiff, a subsequent land owner, claimed to have tendered, in which the pledgee of the mortgage intervened and prayed for judgment against the plaintiff for the amount due and its deposit in court, judgment and decree was rendered in accordance with court's conclusions that plaintiff was entitled to have mortgage

cancelled upon payment of amount due, that the intervenor had an interest in the proceeds and was entitled to have the amount due him upon mortgagee's obligation paid to him out of said fund upon the agreement of the parties, or final determination by a court of competent jurisdiction, **held,** that such judgment should be treated, as between mortgagee and pledgee, as an interlocutory decree, permitting pledgee at any time to apply for the adjudication of his right to so much of the fund as he is entitled to receive.

4. **Appeal—Error—Suit to Cancel Mortgage—Finding—Amount Due Pledgee of Mortgage—Who May Allege Error.**

In a suit by a subsequent land owner to cancel a mortgage upon the land upon payment of the amount due, **held,** that a pledgee of the mortgage to secure the debt was not prejudiced by error in a finding as to the amount due, where the other parties interested did not complain, and it did not appear that his indebtedness from pledgor exceeded the sum deposited and found due.

Appeal from Circuit Court, Hyde County. Hon. JOHN F. HUGHES, Judge.

Action by J. A. Brooks against Ellen Clifford, for cancellation of a mortgage; in which Joe Kirby intervened, and in which D. T. Jekyll, as administrator of the estate of Ellen Clifford, was substituted as defendant. From a decree in favor of plaintiff, and from an order denying a new trial, the Intervenor appeals. Affirmed.

*Joe Kirby,* for Appellant.

*L. E. Whitcher,* and *M. C. Cunningham,* for Respondent.

(2) Under point two of the opinion, Appellant cited: Stakke v. Chapman, 13 S. D. 269; Civil Code, Sec. 1160; Barnes v. Lumber Co., 147 N. W. (S. D.) 775; Civ. Code, Sec. 1160.

Respondent submitted that: The plaintiff was not concerned with any controversy between appellant and defendant and respondent, as to the amount which each was entitled to receive, yet had a right to protect himself from the expense of foreclosure by tendering the amount due under the mortgage. The intervenor, not having a legal assignment of the mortgage, is not in a position to discharge the same of record, which is what the plaintiff desired and to which he had a right.

(4) Under point four of the opinion, Appellant cited: Civ. Code, Sec. 2124; Polhemus v. Prudential Realty Corporation, 67 Atl. Rep. 303; Hudson v. Archer, 4 S. D. 128; Citizens Bank v.

Corkings, 9 S. D. 614; Anderson v. Johnson, 82 N. W. (Wis.) 177.

SMITH, J. On May 25, 1910, King and wife gave Ellen Clifford a note for $2,770, secured by a first mortgage on a quarter section of land in Hyde county. King sold the land to plaintiff Brooks, subject to the mortgage. About the 25th day of May, 1912, Ellen Clifford pledged the note and mortgage as security for certain indebtedness to the intervener Kirby. The purchaser Brooks, who is plaintiff, brought this action to cancel the mortgage, alleging a tender of the amount due to Ellen Clifford, the mortgagee, and that $3,000, the amount of tender, was deposited in the First National Bank of Highmore, where the note was payable, in satisfaction of the mortgage. Appellant Kirby became a party to the action by complaint in intervention. His complaint alleges the execution and delivery of the note and mortgage by King, that the note and mortgage were delivered to him by Ellen Clifford in pledge to secure certain indebtedness, alleged default in certain conditions of the mortgage, his election to declare the mortgage due, and demanded that defendant (Brooks) produce the alleged deposit in court, and tender in court and pay the sum to the intervener, and that, failing so to do, a decree of foreclosure be entered in his favor Ellen Clifford answered the complaint of intervenor by a general denial. Pending the action Ellen Clifford died, and respondent Jekyll was substituted as administrator. Plaintiff Brooks did not answer or demur to the complaint in intervention.

The trial court made findings of fact substantially as above stated, and also, by finding of fact No. 6, found that Brooks, the plaintiff, about the 19th of July, 1913, offered to pay Ellen Clifford, in legal tender money, the amount of the mortgage, to-wit, $3,000, upon condition that the same be discharged of record and the note secured thereby canceled, which tender was not accepted, and that, on or about the date of the tender, Brooks deposited the sum of $3,000 in the First National Bank of Highmore, a reputable bank, and the bank at which said note was payable, and that said money remained in said bank for the purpose of securing cancellation and discharge of the mortgage at the date of the commencement of this action, and at the date of filing the complaint in intervention by Kirby, and at the date of the trial of

the cause; that plaintiff, at the time of the trial, offered to bring into court and deposit with the clerk such sum as the court found due upon the note and mortgage, at the time of tender and deposit of said $3,000, which sum the court found was $2,962.63.

As conclusion of law, the court found that plaintiff, upon the payment to the clerk of court of the amount found due upon the mortgage, is entitled to have the mortgage canceled by decree of the court; that the intervener has an interest in the proceeds of the note and mortgage for such sums as the estate of Ellen Clifford is indebted to him, and is entitled to have the amount of such obligation paid to him out of said money, upon the agreement of the parties, or final determination by a court of competent jurisdiction, of whatever amount may be found due him.    Judgment and decree entered accordingly. Appellant assigns insufficiency of the evidence to sustain certain of the findings, and error in the judgment.

We have scanned the printed record with much care. It disclosses that the action came on for trial October 10, 1913. The plaintiff did not offer any evidence. The intervener testified in his own behalf that he received the note and mortgage from Mrs. Clifford, indorsed as they are at the present time; that her name was written on the back of the note in his presence, over a year ago; that he had retained the note and mortgage in his possession ever since; that they were pledged to him as security for such sums as Mrs. Clifford might become indebted to him; that she is so indebted to him; that he has computed the amount due on the note, and finds it to be $3,017; that Brooks paid one coupon to him of $166.20, a year ago last spring, and he sent the money to Mrs. Clifford; that he met Mrs. Clifford at the West Hotel; that she spoke to him asking for help, and wanted to know what he would do, as to expenses, she not having any ready money.    He accepted the note, and she endorsed it.    He also testified:

"I understand, under the statute, I am legally the owner. Everything that is in trust above what may be finally found to be due me belongs to Mrs. Clifford."

Mrs. Clifford testified as defendant in her own behalf that she delivered to the intervener the note and mortgage for legal work which she had to have done; that she had not reached a settle-

ment yet as to fees and expenses due to him, but had discharged him; that she did not desire an accounting with the intervener, but would have such accounting later at Sioux Falls.

[1] It is true respondent in his brief has not questioned the fairness of the statement as found in appellant's brief. But the proceedings, as they appear from appellant's own brief, are such that, after a careful examination thereof, we have found it difficult, if not impossible, to ascertain and determine what proceedings were had at the trial, or what the rights of the parties are, on this appeal. For that reason, and in the exercise of the right which this court undoubtedly possesses, and can always exercise in its own discretion, we have called up and examined the original record. From this record it is apparent that certain proceedings, statements, and admissions were had in open court, at the beginning of the trial, which do not appear in the printed record, but which have been preserved in the minutes of the court, and are contained in the original record, and upon which final disposition of the case by the court, at least in part, was predicated.

At the trial, Mr. Whitcher appeared as counsel for plaintiff Brooks; Mr. Teigen as counsel for Mrs. Clifford; and Mr. Kirby as counsel for himself, as intervener. It was agreed in open court, by counsel for all the parties, that the sum of $3,017 was due on the mortgage. Intervener in his complaint demanded judgment against the plaintiff Brooks (not King, the mortgagor) for the amount alleged to be due on the Clifford note, and "that the said defendant produce said alleged deposit and tender in court and pay the sum to this intervener, and that, failing to do so, said sum be adjudged a first and paramount lien upon the real estate, and that the mortgage be foreclosed, etc." Appellant's pleading, therefore, admits the legal right of Brooks to pay the money into court in satisfaction of the mortgage.

At the opening of the trial, all parties being present by their counsel, Mr. Whitcher, attorney for plaintiff Brooks, stated in open court:

"We want the mortgage canceled * * * so as to clear up our title * * * to the property. The question is: 'Who is entitled to the money? The money to cancel this mortgage is in the bank here."

"By the Court: All you want is a decree compelling them to accept their money and canceling the mortgage. Do you oppose the claim that they are entitled to pay in their money, and have the mortgage decreed (to be canceled)?"

To which Mr. Teigen replied:

"I don't oppose the proposition that they can pay the money into court, and the court can decree in whose hands it shall rest; that is, Mr. Witcher's clinet is entitled to pay the mortgage and receive a satisfaction piece."

"By the Court: That is what I am asking."

"Mr. Kirby: Answer, 'Yes.'

"By Mr. Teigen: I understand that the evidence would probably show an express trust exists between Mr. Kirby and Mrs. Clifford, and I take it that the court can safeguard the rights of both parties in a decree at this time."

[2, 3] We think it entirely clear that it was agreed by all parties, in open court, that the amount due on the mortgage should be paid into court, and the (Brooks) mortgage canceled. When the money due on the mortgage was thus paid into court, by agreement, the right of the pledgee to foreclose the mortgage was terminated and the money became a fund to be disbursed by the court, according to the rights of the parties entitled thereto. The mortgage being thus extinguished, no error can be predicated upon the decree for its cancellation. The only parties interested in the fund are the pledgor and pledgee, and we think the judgment appealed from should be treated as an interlocutory decree, permitting appellant, at any time, to apply to the court for an adjudication of his right to so much of the fund as he is entitled to receive.

[4] Only one of the findings of fact excepted to by appellant need be considered, viz., the amount due on the mortgage. The trial court found $2,962.63 due. Appellant contends the correct amount to be $3,017.63, with a small amount of interest to be added. It is sufficient to say that none of the other parties interested are complaining, and appellant has not shown prejudicial error, in that he has not made it appear that his indebtedness from the estate of Mrs. Clifford exceeds the sum deposited.

The judgment of the trial court is affirmed.